IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01021-BNB

TERRY C. HENDRIX,

Applicant,

v.

RICHARD SMELSER, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP -4 2008

GREGORY C. LANGHAM
                        CLERK

---

ORDER OF DISMISSAL

---

I. Background

Applicant Terry C. Hendrix is a prisoner in the custody of the Colorado Department of Corrections at the Crowley County Correctional Facility in Olney Springs, Colorado. Mr. Hendrix initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Case No. 04CR566 in the Arapahoe County District Court in Centennial, Colorado.

In an order filed on June 30, 2008, the Court directed Respondents to file a Pre-Answer Response (Pre-Answer) limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On July 9, 2008, Respondents filed their Pre-Answer. Mr. Hendrix filed a Reply to the Pre-Answer on August 5, 2008.

Mr. Hendrix was convicted by a jury of theft and forgery, on June 14, 2005, and later was sentenced to a total of twenty-four years of incarceration. (Application at 2 and Pre-Answer at 1 and 3.) Prior to sentencing, which did not take place until April 13, 2007, (Pre-Answer, Ex. A at 18), Mr. Hendrix filed an emergency writ of habeas corpus in the Colorado Supreme Court on October 18, 2005. (Pre-Answer at Ex. B.) The emergency writ was denied on the same day. (Pre-Answer at Ex. C.) On November 3, 2006, Mr. Hendrix filed a 28 U.S.C. § 2254 application with this Court, which was dismissed on December 6, 2006, for failure to exhaust state court remedies. (Pre-Answer at Exs. E and F.) Mr. Hendrix then was sentenced on April 13, 2007, as stated above, after a determination was made on January 5, 2007, that he was competent to proceed. (Pre-Answer, Ex. A at 18.) According to the LexisNexis Docket, (Pre-Answer, Ex. A at 20), Mr. Hendrix filed a direct appeal on May 31, 2007. The LexisNexis Docket also shows and both Respondents and Applicant confirm that the direct appeal still is pending in the Colorado Court of Appeals. (Pre-Answer at 4 and Ex. A at 20-21 and Application at 3.)

Mr. Hendrix asserts three claims for relief. The claims include: (1) Lack of jurisdiction by Arapahoe County; (2) denial of access to expert witnesses, a private investigator and pro se legal funds; and (3) conspiracy between the Arapahoe County Jail law library and the district attorney's office.

II. Analysis

The Court must construe liberally Mr. Hendrix's Application and Reply because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however,

should not act as an advocate for a *pro se* litigant. **See Hall**, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

### A. 28 U.S.C. § 2244(d) Time-Bar

Under 28 U.S.C. § 2244(d), the statute provides as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Based on the above findings, the one-year time limitation under § 2244(d) has not started to run because Mr. Hendrix's conviction is not final.

B. State-Court Exhaustion

Respondents contend that Mr. Hendrix has failed to exhaust his state court remedies because his direct appeal remains in the briefing stages in the Colorado Court of Appeals. (Pre-Answer at 4.) In his Reply, Mr. Hendrix asserts that he exhausted his state court remedies when he file an emergency writ of habeas corpus with the Colorado Supreme Court. (Reply at 4.) He further asserts that because the Colorado Supreme Court elected not to rule on his claims it has waived the exhaustion requirement. (Reply at 4.) Mr. Hendrix further appears to argue that because his civil rights have been violated exhaustion of state remedies is not required. (Reply at 3.)

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); ***Dever v. Kansas State Penitentiary***, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See **Castille v. Peoples***, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the highest state court in order to satisfy the fair presentation requirement.

4

*Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Filing a Colo. App. R. 21(a) petition in the Colorado State Supreme Court does not satisfy the requirement that Mr. Hendrix must exhaust his state court remedies, because he has not presented all of his claims to the Colorado Supreme Court fairly. If a "claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *see also Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) (state procedure that is discretionary and limited in scope does not constitute fair presentation). The Colorado Supreme Court, in its discretion, may decline to address the merits of claims asserted

in an original petition for an extraordinary writ. The Colorado Supreme Court has stated that "[w]e have repeatedly held that this court will not exercise original jurisdiction when the question may be properly submitted and determined and the rights of the petitioner fully protected and enforced, in the lower court." **Rogers v. Best**, 171 P.2d 769, 770 (Colo. 1946). This Court, therefore, finds that Mr. Hendrix has not exhausted his state court remedies, and a federal habeas application is premature at this time.

III. Conclusion

Accordingly, it is

ORDERED that the habeas corpus Application is denied, and the action is dismissed without prejudice for failure to exhaust state court remedies.

DATED at Denver, Colorado, this 3 day of Sept. , 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 08-cv-01021-BNB

Terry C. Hendrix
Prisoner No. 60828
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

Corina Gerety
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/4/08

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk